Hofstadter, J.
In this proceeding, brought under article 78 of the Civil Practice Act, the petitioner seeks (1) an order directing the Mayor of the City of New York and its commissioner of purchase to report to the court what investigation, if any, they made of the qualifications of Ralph John De Meo for the position of director of purchase, and (2) a non jury trial of the issue whether De Meo possesses the qualifications required by subdivision c of section 781 of the Charter of the City of New York for this position, and (3) following the determination of this issue an order, if warranted, directing the respondents to remove De Meo from his position.
On May 1, 1955, the commissioner of purchase appointed De Meo director of purchase, which is in the exempt class of the civil service. The petitioner challenges this appointment on the asserted ground that De Meo lacks the specific qualifications for the position prescribed by the city charter. The following is the applicable provision of the charter (§ 781, subd. c): “ c. The commissioner shall also appoint a director of purchase who shall have had at least five years ’ experience in purchasing with business enterprises which operate upon justified requisitions based upon stores control with perpetual inventories of stocks on hand ”.
The respondents, though at the outset contesting the petitioner’s right to maintain this proceeding, have nevertheless answered on the merits as well. The commissioner of purchase *279 makes affidavit that he appointed De Meo after an extended study of his capabilities and inquiry into his past experience which might bear upon the type of work the position entailed. Moreover, before his appointment as director of purchase, De Meo had been employed in the department of purchase as assistant director of stores on a provisional basis. Besides this opportunity to observe De Meo’s activities, the commissioner obtained from him a statement of his qualifications and past experience and personally investigated its correctness. Based on the foregoing, the commissioner was satisfied that De Meo met all the prerequisites established in the charter.
De Meo has also submitted an affidavit of his business experience, confirmed by the affidavit of a certified public accountant who since 1932 audited the books of the various enterprises with which De Meo has been associated. The latter affidavit states the nature of these enterprises, De Meo’s activities in their conduct, and the records kept by them. The petitioner frankly disclaims any intention to reflect either on De Meo’s integrity or general business capacity. His challenge is confined to the claim that De Meo does not have the particular qualifications prescribed by the charter.
In my opinion, the respondents have shown enough to defeat the proceeding on its merits, and the petitioner is not entitled to a trial of any issue. It is abundantly clear that the commissioner of purchase did inquire into De Meo’s fitness for the position and reached the conclusion that he had the stated qualifications. The responsibility for the appointment was that of the commissioner, the executive head of his department. It would be an unwarranted intrusion upon the commissioner’s executive powers for the court, by trial or otherwise, to reappraise his judgment in making the appointment. Even admitting for purposes of argument that possession of the prescribed qualifications is mandatory, it is still within administrative discretion to say whether a given individual has them. Whether he does or not must be ascertained by executive or administrative, not by judicial, process. Otherwise, the court would set itself up as a supervisory agency and arrogate functions committed to another branch of government. Such course is hostile to the principle of the separation of powers. Especially inappropriate is any interference by the court with the freedom of selection which the head of any department must have in appointing to exempt positions. (See People ex rel. Garvey v. Prendergast, 148 App. Div. 129, and Matter of Meenagh v. Dewey, 286 N. Y. 292, 302.)
*280 In the light of the conclusion reached on the underlying question, it is unnecessary to consider the other objections raised to the maintaining of the proceeding.
The petition is denied and the proceeding is dismissed.